IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE W. ALLEN, | ) | CASE NO. 3:07CV3708 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE ECONOMUS |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| RON HART, Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND RECOMMENDATION |
| | ) | |

On April 19, 2007, Wayne W. Allen ("Allen") petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Allen challenges the constitutionality of his conviction in the case of *State of Ohio v. Wayne Allen*, Case No. G-4801-CR-0200403514-000. This matter is before the magistrate judge pursuant to Local Rule 72.2. For reasons set forth below, the court should dismiss the petition as time-barred or, alternatively, as without merit.

I. Procedural History

The September 2004 term of the Lucas County Grand Jury indicted Allen on one count of burglary in violation of Ohio Rev. Code § 2911.12(A)(1) and one count of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A)(1). Doc. No. 9, Ex. 1. Allen and the state entered into a plea agreement under which Allen agreed to plead guilty to the charges in the indictment and the State agreed to recommend a term of incarceration

not to exceed sixteen years and agreed not to prosecute Allen for any additional offenses.[1] Doc. No. 9, Ex. 2. On December 17, 2004, the court held a plea hearing and, after determining that Allen's plea was entered knowingly, intelligently, and voluntarily, accepted Allen's plea of guilty. Doc. No. 9, Ex. 3. On December 23, 2004, the court sentenced Allen to a term of fourteen years' imprisonment. Doc. No. 9, Ex. 4. Allen did not pursue a direct appeal from his conviction or sentence.

On April 10, 2006, Allen filed a motion captioned "Motion to Withdraw Guilty Plea/Modification of Sentence Pursuant to Ohio Criminal Rule 32.1" Doc. No. 9, Ex. 5. Allen raised two arguments in support of the motion: (1) his plea was not knowingly, intelligently, and voluntarily made, and (2) he was denied effective assistance of counsel because counsel failed to advise him that he was entitled to the shortest prison term under Ohio Rev. Code § 2929.14(B). On May 8, 2006, the court denied Allen's motion. Doc. No. 9, Ex. 6.

On June 8, 2006, Allen filed in the state appellate court an appeal of the trial court's denial of his motion. Doc. No. 9, Ex. 7. Allen presented the following assignments of error in his brief in support of his appeal:

> 1. The trial court abused its discretion and committed prejudicial error in holding that Appellant's guilty plea satisfied Crim. R. 11(C), and that Appellant's sentence was authorized by law and that *State v. Foster* could be applied retroactively to appellant's sentence, which deprived Appellant from his right to a trial by jury.
>
> 2. In summarily dismissing the Crim. R. 32.1 motion to withdraw guilty plea without ordering an evidentiary hearing, the trial court denied Appellant his absolute right to procedural due process of law guaranteed by Article 1, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the

---

[1] This included prosecution for Allen's attempt to escape custody.

2

United States Constitution.

Doc. No. 9, Ex. 8. On March 30, 2007, the state appellate court affirmed the judgment of the trial court. Doc. No. 5, Ex. 9.

On April 23, 2007, Allen filed a notice of appeal in the Supreme Court of Ohio. Doc. No. 9, Ex. 10. In his memorandum in support of jurisdiction, Allen presented the following propositions of law:

> 1. The trial court committed prejudicial error in holding that Appellant's guilty plea satisfied Crim. R. 11(C), which deprived him of his Sixth Amendment right to a trial by jury and due process.
>
> 2. Summarily dismissing the Crim R. 32.1 motion to withdraw guilty plea without ordering an evidentiary hearing, the trial court denied appellant of his right to procedural due process guaranteed by the Fourteenth Amendment to the United States Constitution.

On August 29, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Doc. No. 9, Ex. 12.

On December 4, 2007, Allen, *pro se*, filed the instant petition, asserting the following two grounds for relief:

> Ground One: The state court judgment that petitioner's guilty plea was made knowingly, intelligently, and voluntarily is contrary to clearly established federal law as determined by the United States Supreme Court.
>
> Supporting Facts: Petitioner was not made aware that when he entered a plea of guilty to the charged offenses, he would be sentenced to eleven (11) years more than what Ohio law permitted pursuant to *Blakely v. Washington*.
>
> The state trial court did not inform petitioner of the correct maximum penalty pursuant to *Blakely*, nor did the trial court explain to petitioner that before imposing non-minimum or consecutive sentences, relevant fact findings were required to be admitted to or proven beyond a reasonable doubt.
>
> Ground Two: Petitioner was deprived of effective assistance of counsel where trial counsel failed to inform her client on the relevant law during plea proceedings.

3

> Supporting Facts:  Defense counsel failed to advise her client that the imposed sentence was in violation of *Blakely v. Washington*, and that although petitioner signed a written agreement, the agreement specified an unauthorized sentence because it did not include the stipulation of required fact findings to justify the imposition of the non-minimum and consecutive sentence.

Doc. No. 1.  Respondent filed a Return of Writ on June 18, 2008.  Doc. No. 9.  Petitioner filed a Traverse on August 27, 2008.  Thus, the petition is ready for decision.

## II.  Statute of Limitations

Respondent argues that Allen's petition is barred by the statute of limitations.  The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) ("§ 2244(d)(1)").

The United States Supreme Court has long held that direct review includes review by the Supreme Court.  *Clay v. United States*, 537 U.S. 522, 527-28 (2003)  ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").  Thus, "under § 2244(d)(1)(A), the one-year limitations period does not begin to run until the

time for filing a petition for a writ of *certiorari* for direct review in the United States Supreme Court has expired." *Branaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

Because Allen did not timely file a direct appeal from the sentence imposed on December 23, 2004, his conviction became final on January 22, 2005, the date on which the thirty-day period for filing a timely appeal to the state appellate court expired. *See* Ohio R. App. P. 4(A); 28 U.S.C. §2244(d)(1)(A). The limitations period began running the following day, January 23, 2005, and expired one year later, on January 23, 2006. Thus, when Allen filed the instant petition on December 4, 2007, the statute of limitations had expired nearly two years earlier.

Allen's motion to withdraw his guilty plea did not toll or revive the limitations period. The motion to withdraw the guilty plea was not filed until April 10, 2006, approximately three months *after* the expiration of the limitations period. The AEDPA's tolling provision does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Winkfield v. Bagley*, 66 Fed. Appx. 578, 581-582 (6th Cir. Ohio 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998); see also *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that "[a] state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Allen argues that the sentencing court's failure to inform him of his appellate rights during his sentencing hearing requires starting the statutory period based on § 2244(d)(1)(A) or § 2244(d)(1)(B). Allen errs. At Allen's plea hearing, the court instructed Allen as follows:

5

> THE COURT: You . . . understand that if I based upon what you say make a finding of guilty, you have a very limited isuue you can raise with the Court of Appeals, and that's whether or not the plea was done properly, and any appeal from the plea would have to be filed within 30 days of your sentence. Do you understand that?
>
> THE DEFENDANT: Yes, I do, Your Honor.

Transcript of Proceedings, Answer, Exh. 3, p. 12. The court informed Allen of his appellate rights and of the 30-day deadline for filing a notice of appeal at Allen's plea hearing. Allen's argument based on the assumption that the sentencing court did not inform him of his appellate rights, therefore, is not well-taken.

Allen also argues that the limitations period did not begin to run until after he learned through due diligence of the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006). The Ohio Supreme Court decided *Foster* on February 27, 2006. On that date, the statutory period for Allen to file a writ of habeas corpus had expired more than a month earlier. His argument that the decision in *Foster* requires a later starting date for the statutory period, therefore, is not well-taken.

For the reasons given above, the magistrate judge recommends that the court dismiss Allen's petition as time-barred.

## IV. Review of the Merits

Not only is Allen's petition time-barred, but it is also without merit. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of

> the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. *Carey v. Musladin*, 549 U.S. ___, 127 S. Ct. 649, 653 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. *Carey*, 127 S. Ct., at 653.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court). A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result. *Id.* at 405-06. "A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases." *Id.* at 405. A decision involves an unreasonable application of

7

federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand. *Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001). If a court fails to identify the correct legal principal at issue, the "unreasonable application of" clause does not apply. *Id.* at 730.

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence." *Id.* This court will consider Allen's grounds for relief under the deferential standard of review accorded the state court's determination of a prisoner's constitutional claims.

*A. Ground one: Allen's guilty plea was not knowing, intelligent, and voluntary*

In ground one, Allen claims that "the state court judgment that [Allen's] guilty plea was made knowingly, intelligently, and voluntarily is contrary to clearly established federal law as determined by the United States Supreme Court." Allen argues that the trial court "did not inform [him] of the correct maximum penalty pursuant to *Blakely,* nor did the trial court explain to [him] that before imposing non-minimum or consecutive sentences, relevant fact-findings were required to be admitted to or proven beyond a reasonable doubt."

*Blakely* clarified a rule first stated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301. *Blakely* defined *Apprendi's* "statutory maximum" as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 303 (emphasis

8

in original). The statutory maximum is not the maximum sentence allowed by statute after the judge finds additional facts but the maximum the judge may impose without any additional factual findings. *Id.* at 303-04.

At the time of Allen's conviction Ohio Rev. Code § 2929.14 ("§ 2929.14") governed sentencing in Ohio. Section 2929.14(B) & (C) provided as follows:

> (B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
>
> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>
> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
>
> (C) Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.

Section 2929.14(A)(1) provided that for a felony of the first degree "the prison term shall be three, four, five, six, seven, eight, nine, or ten years." Section 2929.14(A)(2) provided that for a felony of the second degree "the prison term shall be two, three, four, five, six, seven, or eight years."

At the time of Allen' sentencing, Ohio Rev. Code § 2929.12 ("§ 2929.12") governed the factors for courts to consider in felony sentencing when determining the seriousness of a crime and the likelihood of recidivism. Section 2929.12 provides that courts *shall*

9

consider the factors enumerated in subsections (B) and (C), dealing with the seriousness of the offense, and subsections (D) and (E), dealing with the likelihood of recidivism. Thus, at the time of Allen' sentencing, Ohio law required the court to make explicit or implicit findings of fact regarding every factor enumerated in § 2929.12(B), (C), (D), & (E). Some of these factors related to prior convictions and do not run contrary to the holdings in *Apprendi* and *Blakely*. But most of the necessary findings of fact mandated by §§ 2929.14(B) & (C) and 2929.12(B), (C), (D), & (E) required judicial fact-finding of the very sort barred by *Blakely*. It was for this reason that the Ohio Supreme Court overturned § 2929.14(B) & (C) as unconstitutional in light of *Blakely*.

Nevertheless, Allen' sentence is not directly contrary to the holding in *Blakely*. *Blakely* involved a defendant who pleaded guilty, and although the state recommended a sentence within the range of 49 to 53 months, the court sentenced Blakely to 90 months' imprisonment. In the instant case, Allen negotiated a plea agreement whereby the state and Allen agreed to a recommended sentence of no more than 16 years and the state agreed not to bring additional charges against Allen. The sentencing court followed the state's sentencing recommendation by sentencing Allen to fourteen years' imprisonment.

*Blakely* does not stand for the proposition that a defendant may not negotiate a recommended maximum sentence in return for a promise not to bring additional charges against a defendant and the court's sentence is consistent with the negotiated sentence. As *Blakely* was inapplicable to the circumstances of Allen's negotiated sentence, *Blakely* did not require the sentencing court to inform Allen regarding the circumstances under which maximum sentences or consecutive sentences might be imposed. Allen's argument that his sentence was not knowing, intelligent, and voluntary because the court receiving

his guilty plea failed to instruct him in accordance with the holding in *Blakely*, therefore, is not well-taken. Thus, even if Allen's petition were not time-barred, Allen's first ground for relief would be dismissed as without merit.

*B. Ground two: Allen was deprived of the effective assistance of counsel*

Allen argues in ground two that he was deprived of the effective assistance of counsel during the plea proceedings. In particular, Allen claims that although the written plea agreement did not include the stipulation of required findings of fact sufficient to justify the imposition of non-minimum and consecutive sentences, counsel failed to advise him that the imposed sentence was in violation of *Blakely*. This, Allen contends, was constitutionally ineffective assistance of counsel.

The standard for determining whether petitioner's counsel was ineffective is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see also Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997). A claim of ineffective assistance of counsel has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687; *see also Groseclose*, 130 F.3d at 1167.

The first prong of this test, the showing of deficient performance, is an objective one: "[T]he proper standard for attorney performance is that of reasonably effective assistance.

11

. . . When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness," as judged by "prevailing professional norms." *Strickland*, 466 U.S. 687-88; *see also Groseclose*, 130 F.3d at 1167. Scrutiny of counsel's performance is highly deferential to avoid second-guessing an adverse decision. *Strickland*, 466 U.S. at 689; *see also Groseclose*, 130 F.3d at 1167. The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Groseclose*, 130 F.3d at 1167. A court reviewing counsel's performance "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." *Id.* at 690-91 (1984); *see also Groseclose*, 130 F.3d at 1167-6.

The second prong of the test for ineffective assistance of counsel is whether the error prejudiced petitioner:

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.

*Strickland*, 466 U.S. at 690-91 (citations omitted); *see also Groseclose*, 130 F.3d at 1168. Further "the burden rests on the accused to demonstrate a constitutional violation." *United States v. Cronic*, 466 U.S. 648, 658 (1984). Showing a constitutional violation requires

12

showing that "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Nix v. Whiteside*, 475 U.S. 157, 175 (1986).

As has already been shown, *Blakely* did not apply to Allen's sentencing.[2] Consequently, counsel's representation of Allen did not fall below an objective standard of reasonableness in failing to advise him that the imposed sentence was in violation of *Blakely*. Allen's claim of ineffective assistance of counsel at the plea hearing, therefore, fails the first prong of the *Strickland* test. Thus, even if Allen's petition were not time-barred, Allen's second ground for relief would be dismissed as without merit.

---

[2] In addition, Ohio courts had found at the time of Allen's sentencing that *Blakely* did not apply to plea agreements. *See, e.g., State v. Jackson*, 2006 WL 1705133, at *9 (Ohio App. June 22, 2006):

> We . . . find that *Blakely* has no application to agreed sentences. In *Ranta,* we stated:
>
> "Furthermore, *Blakely* addressed only those instances in which a judge makes findings statutorily required for the imposition of certain sentences. Because we conclude in the case at bar that as a result of the plea agreement no findings were required, *Blakely* does not apply for this very specific reason." Id. at 17.

(quoting *State v. Ranta,* Cuyahoga App. No. 84976, 2005-Ohio-3692). Because neither state nor federal law supported an argument that Allen's sentence violated the holding in *Blakely*, it cannot be said that Allen's attorney fell below an objective standard of practice for failing to make that argument.

13

III.  Conclusion

For the foregoing reasons, the magistrate judge recommends that Allen's petition be dismissed as time-barred or, alternatively, as without merit.

                                                                                              /s/ *Nancy A. Vecchiarelli*
                                                                                    United States Magistrate Judge

Date:  September 4, 2008

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111.**